UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARCUS TRAMMELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-cv-00273 |
| ZACHARY HENRY and DISH NETWORK, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Marcus Trammell ("Trammell") is suing Dish Network, LLC ("Dish") for vicarious liability and negligent entrustment. His claims stem from an automobile collision between Trammell and a car driven by Zachary Henry ("Henry") on April 24, 2020. Dish has moved for summary judgment on Trammell's claims under Federal Rule of Civil Procedure 56(a), arguing Trammell has not presented sufficient evidence that Dish is liable for Henry's negligent acts on April 24, 2020. The Court agrees. The Court will grant Dish's motion for summary judgment.

I.  **BACKGROUND**[1]

Dish is a satellite television company. It offered Henry employment as a "Wireless Tower Crew Lead," a position that involves installing cellular towers and equipment. Henry was a resident of Arizona. His employment was conditioned upon receiving a satisfactory background check and completing Dish's required training in Nashville, Tennessee in April 2020. Henry

---

[1] The background facts upon which the Court relies are drawn from the parties' statements of undisputed facts. (Doc. Nos. 27 and 32).

passed the background check because he had a valid Arizona driver's license, notwithstanding that he previously pled guilty to an implied consent violation.

On April 7, 2020, Henry flew to Nashville to begin Dish's required training certification program that lasted three weeks. Dish paid for Henry's flight and lodging expenses, including a rental car and insurance during his training in Nashville. He attended all programs on April 7-10, 13-17, and 20-24. After completing the April 24th training, Henry logged off Dish's time-keeping tracking system and he joined his co-worker's party. He became intoxicated and decided to return to his hotel. Henry collided with Trammell, while driving above the speed limit on the phone.[2] Henry was arrested and convicted of vehicular assault and received a three-year sentence. Trammell subsequently filed a complaint against Dish and Henry in state court and the action was removed to this Court on April 5, 2021. The motion has been fully briefed.

## II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where there is "evidence on which the jury could reasonably find for the plaintiff." Rodgers v. Banks, 33 F.3d 587, 595 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

At the summary judgment stage, the movant "has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Id. If the movant meets its burden, the non-moving party must "show specific facts that reveal a genuine issue for trial" to survive summary judgment. Laster v. City of Kalamazoo, 746 F.3d 714, 726 (6th Cir. 2014).

---

[2] Although negligence is a legal issue, as opposed to a factual one, the parties agree Henry was negligent, which the Court will presume for purposes of this Memorandum Opinion and Order.

When evaluating a summary judgment motion, the Court must view the record "in the light most favorable to the nonmoving party," and "draw all reasonable inferences in [that party's] favor." Id. The Court "may not make credibility determinations nor weigh the evidence" in its analysis. Id.

### III. ANALYSIS

Dish's motion for summary judgment presents the question of whether Trammell has offered sufficient admissible evidence that Dish is liable for Henry's negligence under the theories of *respondeat superior* or negligent entrustment. The Court concludes he has not. Accordingly, the Court will grant Dish's motion for summary judgment and dismiss this case.

    A. <u>Trammell Has Not Presented Sufficient Evidence of *Respondeat Superior*</u>

Trammell has not shown a genuine issue of material fact remains as to whether Dish is liable for Henry's negligence under a theory of *respondeat superior*. To pass summary judgment under that theory, a plaintiff must provide admissible evidence of each of the following: (1) that the person who caused the injury was an employee, (2) that the employee was on the employer's business, and (3) that the employee was acting within the scope of his employment when the injury occurred. Tenn. Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co., 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992). Generally, whether an employee is acting within the scope of his employment is a question of fact. See Craig v. Gentry, 792 S.W.2d 77, 80 (Tenn. Ct. App. 1990). However, when facts are undisputed and the Court cannot find conflicting conclusions, the Court may determine questions of law based on those facts. See Tenn. Farmers Mut. Ins. Co., 840 S.W.2d at 937. The parties do not dispute that Henry caused Trammell injury and was an employee of Dish at the time. (Doc. Nos. 27 and 32). In addition, the Court finds Henry was on Dish's business when he attended training in Nashville to receive his job certification. (Doc. No. 31). However, upon close

examination the Court finds that Trammell has not satisfied the third prong to establish vicarious liability.

Trammell argues that because Henry's employment with Dish was conditioned upon being in Nashville for training purposes, all of his actions in Nashville should be considered within the scope of his employment. He reasons that Henry's trip to Nashville was for the benefit of Dish and but-for the training, Henry would not have been in Nashville. Although Trammell is correct that Henry's trip was for the benefit of Dish, the Court finds his contention incomplete. When an employee deviates from the employer's business and engages in conduct the employer had no reason to expect, the employer is not held liable. In Tenn. Farmers Mut. Ins. Co., 840 S.W.2d at 939, an employee attended a car auction to find an automobile for himself and another for his employer. The employee left the auction to celebrate his birthday but was involved in a car collision with the plaintiff. Id. at 936. Although the employer authorized the trip, the Court found the employer not liable because the employee's actions lost their business character and the employer "could not reasonably have anticipated what actually occurred." Id. at 939.

Undoubtably, Henry was employed by Dish and traveled to Nashville solely for the business of Dish when he injured Trammell. However, the record contains no evidence that Dish knew or should have known that Henry would use the rental vehicle to attend a party after work hours and drive intoxicated. Indeed, the circumstances significantly depart from Dish's foreseeable expectations of Henry's conduct while in Nashville. The trip to the Airbnb, although multiple Dish employees attended, lost its business character– the trip was not a continued journey, see Craig, 792 S.W.2d at 80, nor an errand part of a trip authorized by Dish, see Cunningham v. Union Chevrolet Co., 177 Tenn. 214, 223 (1941). In fact, to render Dish liable for all and any of Henry's actions while in Nashville, especially when he was not working at the time of the incident or

4

engaged in an activity supported by Dish, would render *respondeat superior* meaningless. To the extent Trammell argues he is entitled to survive summary judgment based on Dish being liable for any and all acts of Henry while in Nashville, that argument fails.

  B. <u>Trammell Has Not Presented Sufficient Evidence of Negligent Entrustment</u>

Summary judgment is appropriate on the issue of negligent entrustment because Trammell has failed to show that Dish knew Henry was incompetent. Trammell has the burden to provide admissible evidence of each of the following elements to survive summary judgment: (1) an entrustment of a chattel, (2) to a person incompetent to use it, (3) with knowledge that the person is incompetent, and (4) that is the proximate cause of injury or damage to another. <u>Nichols v. Atnip</u>, 844 S.W.2d 655, 661 (Tenn. App. 1992); <u>see</u> <u>Rimer v. Collegedale</u>, 855 S.W. 2d 22, 24 (Tenn. App. 1992) (noting negligent entrustment will be imposed only when one's conduct indicates his incompetency to operate the vehicle with due care). To establish negligent entrustment, Trammell must show that Dish exercised control over the rental car at the time it was entrusted to Henry and Dish should have known Henry was an incompetent driver. <u>Id.</u> at 24.

Trammell's only evidence to support his contention is Henry's prior implied consent violation. Trammell offers the deposition testimony of Mr. Terry Andrews Thompson ("Thompson") and Henry to satisfy his burden. In fact, Trammell's argument rests on two assertions: (1) Henry's prior violation makes him as an "unreasonably dangerous person" and (2) Dish knew of Henry's violation and still entrusted Henry with a vehicle in Nashville. Although Trammell is correct that Henry had a prior violation for implied consent and Dish knew of the incident after conducting the background check, the Court finds this argument misleading. Thompson's deposition does not establish that "an alcohol related conviction should have disqualified [Henry] from employment." Doc. No. 30). Indeed, after close examination the Court

5

Case 3:21-cv-00273   Document 36   Filed 05/20/22   Page 5 of 7 PageID #: 362

finds no evidence in this record to suggest Henry was incompetent or that Dish knew or should have known Henry was incompetent. See Rimer, 855 S.W. 2d at 24.

Rimer supports this conclusion. There, a father was transporting his daughter and another teenager to school and upon arriving, a police officer placed the father under arrest for an outstanding warrant. Rimer, 855 S.W. 2d at 22. After making the arrest, the police officer inquired into whether the daughter or the teenager possessed a driver's license instead of impounding the vehicle. Id. Neither teenager had a driver's license and the officer directed both not to drive the car. Id. Nevertheless, the teenager drove the car and collided into the plaintiff. Id. The Court found the police officer not liable for negligent entrustment in part because there was no evidence the officer knew or should have known the teenager was incompetent. Id. at 24.

There is no dispute Dish supplied Henry with a vehicle while in Nashville. In addition, there is no dispute Henry had an implied consent violation and Dish knew of the incident prior to offering Henry employment. However, the record reveals no admissible evidence that either Henry's violation rendered him incompetent pursuant to Dish's internal policy or that Dish knew Henry was incompetent. Instead, the record viewed in the light most favorable to Trammell demonstrates that Henry had a valid driver's license, his prior violation does not constitute an "alcohol related conviction," and his self-induced intoxication was the proximate cause of Trammell's injuries.

For the reasons outlined above, Dish's Motion for Summary Judgment (Doc. No. 25) is **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE